# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KATHYANNA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 1:08-CV-106-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is an action for review of the Commissioner's final continuing disability review decision terminating an award of disability benefits and supplemental security income under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*  Kathyanna Davis ("Davis") was found disabled in a determination dated June 1, 2001.  On December 14, 2004, the Social Security Administration (SSA) determined she was no longer disabled as of November 1, 2004.  The state agency Disability Hearing Officer upheld the SSA's decision. Davis received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.  When the Appeals Council rejected review of this decision, it became the final decision of the Commissioner of Social Security ("Commissioner").  Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the court REMANDS this case to the Commissioner.

## I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.  The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982).  This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton*

*v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Davis, age 34 at the time of the hearing, completed the tenth grade.  Davis's past relevant work included employment as a cashier, baker, and poultry worker.  She alleges continuing disability due to depression, personality disorder, and degenerative disc disease. Davis was represented by counsel at her administrative hearing on March 1, 2007.  Counsel informed the ALJ that Davis didn't have the money to obtain her medical records created after November, 2004, and requested thirty additional days to secure the records and provide them to SSA.[1]  Davis told the ALJ she had continuously received mental health treatment since October, 2004.[2]  The ALJ granted the extension and reminded Davis of the importance of updated records in the disability review.[3]

Counsel requested an additional thirty days to submit the additional medical information in a letter dated March 28, 2007.[4]  The letter cited Davis's "grave financial difficulties" and inability to pay for her medical records.[5]  On June 5, 2007, counsel filed a Motion to Withdraw his representation of Davis.[6]  The Motion cited counsel's

---

[1]R. at 405.

[2]R. at 406.

[3]R. at 406-07.

[4]R. at 21.

[5]R. at 21.

[6]R. at 22.

numerous letters to Davis informing her of her responsibility to provide medical evidence for her disability determination, and that he could not continue to represent her "due to her unwillingness to cooperate by providing the requested documents."[7]

On June 21, 2007, the ALJ issued a decision based on the available medical evidence.  The decision concluded Davis continued to be severely impaired by major depression, personality disorder, and degenerative disc disease, but that medical improvement occurred as of November 1, 2004.[8]  The ALJ found Davis's medical improvements were related to her ability to work, and that she no longer met or medically equaled the disability Listings.[9]  After discussing Davis's residual functional capacity (RFC), as determined by reference to the available medical evidence, the ALJ concluded Davis was capable of performing her past relevant work as a poultry worker.[10]  This finding that Davis is able to work rendered her ineligible for disability benefits under the Act, and this judicial review followed.

### III.  ISSUES

Davis raises two issues for judicial review:

1. Whether the ALJ committed reversible error in failing to develop a full and fair administrative record.

---

[7]R. at 22-23.

[8]R. at 15.

[9]R. at 15.

[10]R. at 16-20.

2.	Whether the ALJ's RFC determination is legally sufficient.

## IV.  DISCUSSION

**<u>The ALJ did not meet his obligation to develop a full and fair record</u>.**

Davis argues her case should be reversed because the ALJ issued a decision without benefit of updated medical records, and therefore did not develop a full and fair record.  The Commissioner responds the ALJ fulfilled his duty to develop the record, and cites Davis's duty to present evidence that she is disabled.

The ALJ has a basic obligation to develop the record fully and fairly, although the claimant has the burden of proving that he is a under a disability and the responsibility of producing evidence in support.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  Both parties present accurate statements of the facts related to this issue.  The ALJ granted Davis multiple extensions of time to obtain and provide the records which she alleged she could not secure due to financial difficulties.  Davis's former counsel made clear to the agency that he had exerted his best efforts to secure Davis's compliance despite her alleged financial difficulties.  Approximately two weeks after counsel's withdrawal, the ALJ used the medical evidence available to him and issued an adverse decision terminating Davis's benefits.

The Commissioner argues Davis was unwilling to cooperate with her former counsel despite his cautions that she bore the burden of proof in her disability review.[11]

---

[11]Def. Br. at 4.

The Motion to Withdraw does, in fact, use such language in reference to Davis, but it does not necessarily follow that her financial difficulties were not real.[12]  The Commissioner's citation to regulations demonstrating a claimant's ability to have the agency pay for medical evidence implies Davis could have secured the records if she were so inclined.[13]  *See* 20 C.F.R. §§ 404.1514, 416.914 to ("We need specific medical evidence to determine whether you are disabled or blind.  We will pay for the medical evidence we request, if there is a charge.  We will also be responsible for the cost of medical evidence we ask you to get.")  Having noted the ALJ "is under no duty to 'go to inordinate lengths to develop a claimant's case,'" the Commissioner also states Davis never asked the agency to pay for the cost of her records before the ALJ issued his decision, or when seeking review by the Appeals Counsel.[14]

The record does not show whether the existence or content of these regulations was within the knowledge of Davis's counsel, either former or current, and thus imputed to her during the existence of the lawyer-client relationship.  Perhaps if the adverse decision had been issued when Davis had legal representation, the issue of the ALJ's duty to develop a full and fair record by securing updated medical records would not concern the court.  However, it strikes the court as odd that Davis's options for obtaining evidence are fully revealed by the Commissioner only during this judicial review.  This court has

---

[12]R. at 23.

[13]Def. Br. at 4.

[14]Def. Br. at 4-5.

encouraged ALJs to be "especially diligent in insuring that favorable [as well as unfavorable] facts are elicited" when dealing with unrepresented claimants. *McDaniel v. Heckler*, 608 F.Supp. 489, 492 (M.D. Ala. 1985), quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

In this case, an unrepresented claimant was denied benefits when agency assistance to secure records which may have aided her claim was available. Volunteering information about the assistance available under the regulation does not constitute "inordinate lengths to develop a claimant's case," but rather, a logical step when extensions are requested due to financial hardship. This would seem to hold true whether or not a claimant was represented, but especially so where the lawyer withdrew over this very issue. Where, as in this case, the adverse decision concerned a claimant with undisputed and severe mental impairments, the agency's failure to raise the possibility of assistance undercuts the notion of fairness to the claimant. The principle of fundamental fairness discussed in *McDaniel* was in no way followed in Davis's case. Therefore, the court believes a remand is appropriate.

On remand, the agency may discover Davis was not truthful at her hearing, and that records of her mental health treatment after October, 2004 do not exist. If the records do exist, they may not prevent a second finding that medical improvements permit Davis to return to her former occupation as a poultry worker. Either outcome is preferable to letting Davis's claim fail at this stage due to a regulation of which she was unaware.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded so that Plaintiff may take advantage of the agency's assistance in securing her medical records, if available, and the Commissioner may continue review as appropriate. It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED**.

Done this 27th day of October, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE